THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ROBINHOOD DERIVATIVES, LLC

*Plaintiff*,

v.

DANA NESSEL, in her official capacity as
Attorney General of the State of Michigan, *et al*.,

*Defendants*.

Civil Action No. 1:26-cv-00730

## PLAINTIFF ROBINHOOD'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Robinhood Derivatives, LLC ("Robinhood") hereby moves this Court pursuant to Federal Rule of Civil Procedure 65 for a Preliminary Injunction restraining Dana Nessel, in her official capacity as Attorney General of Michigan; Jim Ananich, in his official capacity as Board Chair of the Michigan Gaming Control Board; Joni M. Thrower Davis, in her official capacity as Member of the Michigan Gaming Control Board; Andrew T. Palms, in his official capacity as Member of the Michigan Gaming Control Board; Deidre A. Lambert-Bounds, in her official capacity as Member of the Michigan Gaming Control Board; Mark Evenson, in his official capacity as Member of the Michigan Gaming Control Board; and Henry Williams, in his official capacity as Executive Director of the Michigan Gaming Control Board (together, "Defendants") from enforcing against Robinhood Michigan Compiled Laws Chapters 432 or 750, including but not limited to Sections 432.413, 432.218, 750.301, 750.304, 750.305, and 750.307, and any other Michigan law that attempts effectively to regulate Robinhood's involvement in

transactions involving event contracts traded on a Commodity Futures Trading Commission ("CFTC")-designated contract market.

This motion is made on the grounds that:  (1) Robinhood is likely to succeed on the merits of its claim that Defendants' imminent enforcement of Michigan sports-wagering laws is preempted by the Commodity Exchange Act and the CFTC's regulations pursuant to the Supremacy Clause of the U.S. Constitution; (2) absent a preliminary injunction, Robinhood is likely to suffer irreparable harm; (3) the balance of harms tips sharply in Robinhood's favor; and (4) the public interest supports an injunction.

This motion is based upon the Complaint in this action, the Brief in Support filed herewith, the Declaration of Adam Hickerson filed herewith along with its accompanying exhibits, the Declaration of Kevin J. Orsini filed herewith along with its accompanying exhibits, all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court.

Plaintiff hereby requests, pursuant to Federal Rule of Civil Procedure 65, that the Court issue a preliminary injunction.

Pursuant to Local Civil Rule 7.1(d)(i), counsel for Plaintiff conferred with counsel for Defendants concerning this Motion and ascertained that the Motion will be opposed.

DATED:  March 9, 2026

Respectfully submitted,


By:    */s/ Andrew Goetz*

**MILLER JOHNSON**
Andrew Goetz (P71410)
500 Woodward Avenue, Suite 3600
Detroit, MI 48226
goetza@millerjohnson.com
(313) 435-2292


**CRAVATH, SWAINE & MOORE LLP**
Kevin J. Orsini (*application for admission pending*)
korsini@cravath.com
Antony L. Ryan (*application for admission pending*)
aryan@cravath.com
Brittany L. Sukiennik (*application for admission pending*)
bsukiennik@cravath.com

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Counsel for Plaintiff Robinhood Derivatives, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing Motion for a Preliminary Injunction, together with the Brief and declarations in support thereof and a proposed form of order, with the Clerk of the Court by using the Court's CM/ECF system, and accordingly served the parties who receive notice of the filing via the Court's CM/ECF system.

*/s/ Andrew Goetz*

Andrew Goetz